**KLEIN INDEPENDENT SCHOOL DISTRICT, Rebecca J. Holt, Plaintiffs-Appellants,**

v.

**Jim MATTOX, in his official capacity as Attorney General for the State of Texas, Defendant-Appellee.**

No. 87–1017.

United States Court of Appeals, Fifth Circuit.

Oct. 22, 1987.

Darah S. Headley, Vinson & Elkins, Houston, Tex., for plaintiffs-appellants.

Priscilla L. Champion, Asst. U.S. Atty., Jim Mattox, U.S. Atty., Austin, Tex., for defendant-appellee.

Before RUBIN, GARZA and JOLLY, Circuit Judges.

GARZA, Circuit Judge:

This action arises from a request by a third party to review the personnel file of a public schoolteacher. The school district sought an opinion from the Attorney General for the State of Texas as to whether its employee's college transcript was public information, and thus subject to disclosure under the Texas Open Records Act. The Attorney General's Office responded that the schoolteacher's college transcript must be released pursuant to the statute.

The teacher and school district filed this action for a declaratory judgment, stating that disclosure of the transcript would violate the teacher's privacy rights on the basis of the Family Educational Rights and Privacy Act of 1974 and the First Amendment to the United States Constitution. They further requested injunctive relief ordering withdrawal of the opinion. The defendant filed a motion for summary judgment which was granted by the district court. The court dismissed the case on the basis that the teacher was not within the class of persons intended to be protected by the Family Educational Rights and Privacy Act. The court also ruled that the statute did not create a private cause of action. Additionally, it held that the public's interest in disclosure of the transcript outweighed the teacher's limited right to disclosural privacy. We agree with the district court, and therefore affirm.

I. Facts and Proceedings

During the months of October and November of 1985, Dr. Donald Collins, the Superintendent of the Klein Independent School District, received two letters requesting copies of the "personnel file and other related public records" of Rebecca J. Holt. Ms. Holt is a public schoolteacher employed by the school district. The requests were made pursuant to the Texas Open Records Act. Tex.Rev.Civ.Stat.Ann. art. 6252-17a (Vernon Supp.1986). Dr. Collins asked the Attorney General's Office for the State of Texas whether the contents

of Ms. Holt's personnel file, particularly her college transcript, were public records subject to disclosure under state law. An Assistant Attorney General sent an opinion to Dr. Collins informing him that, in addition to the other documents, Ms. Holt's college transcript must be released according to the Texas Open Records Act. Moreover, such disclosure was not proscribed by the Family Educational Rights and Privacy Act of 1974 (FERPA). 20 U.S.C. § 1232g (1974). Part of the support for this opinion came in response to the attorney's question to the Director of the FERPA Office. The Director stated that FERPA was inapposite in this regard because it pertained solely to education records of students. Excluded from FERPA are records relating to an individual who is employed by an agency or institution.

On July 14, 1986, Ms. Holt and the school district brought suit against Jim Mattox, the Attorney General for the State of Texas, alleging that he issued an opinion which, if followed, would cause the school district to act in violation of Ms. Holt's rights secured under FERPA and the First Amendment to the United States Constitution. Suit was brought pursuant to FERPA, the first amendment, 42 U.S.C. § 1983, Article VI of the United States Constitution, and the Texas Open Records Act. The plaintiffs sought declaratory relief stating that, by virtue of the supremacy clause, Ms. Holt's FERPA and first amendment privacy rights were supreme to the requirement of disclosure under the Open Records Act. They also requested injunctive relief ordering withdrawal of the Attorney General's opinion.

On September 16, 1986, the defendant filed a motion for summary judgment on the basis that, *inter alia,* no cause of action under FERPA was stated. The defendant urged that FERPA does not provide for a private cause of action. Moreover, Ms. Holt did not fit within FERPA's definition of "student" and her transcript did not fall within the statute's definition of "education records." The defendant also claimed that Ms. Holt's interest in the confidentiality of her college transcript did not rise to the level of a constitutionally protected right to privacy. On the other hand, the plaintiffs insisted that if the school district refused to disclose the transcript because of FERPA or the first amendment, it would be subject to criminal prosecution under the Open Records Act. However, if it acted in accordance with the defendant's opinion, it would expose itself to liability for violating Ms. Holt's privacy protections.

On November 21, 1986, the district court granted the defendant's motion for summary judgment, and entered a final order dismissing the case. The court found that Ms. Holt was not in the class of persons protected by FERPA, and that FERPA did not create a private cause of action. Considering her first amendment claim, the court recognized that the public has a compelling interest and concern in the education of its young citizens. That interest encompassed the right of the public to know that schoolteachers are qualified to teach. The court concluded that the public's interest in disclosure of her transcript outweighed Ms. Holt's limited right to disclosural privacy.

## II. Discussion

The district court granted the defendant's summary judgment motion. Summary judgment is appropriate only if the record reveals no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law. *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980). The appellants present two issues to this Court. The first issue is whether the lower court erred in ruling that they are not entitled to maintain this action pursuant to FERPA, either as a private cause of action or as an action under 42 U.S.C. § 1983. The second issue is whether the court erred in finding that Ms. Holt's interest in maintaining the confidentiality of her academic record did not outweigh the public's interest in learning whether she is qualified to teach.

### A. *FERPA*

The appellants essentially make two challenges to the district court's FERPA rul-

ing. They contend that *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), provides the rationale for the proposition that a private cause of action exists under FERPA. Alternatively, they argue that even if a private right of action cannot be inferred from FERPA, 42 U.S.C. § 1983 is available for vindication of the potential violation of Ms. Holt's protections. To better understand the appellants' argument, a review of FERPA is necessitated.

FERPA was designed to regulate the release of student records. A student's or parent's consent is required where personally identifiable information from the education records of a student is to be disclosed. The Secretary of Education is empowered to enforce the various provisions of FERPA. 20 U.S.C. § 1232g(f). An educational agency or institution that unlawfully releases a student's record may lose federal funding. 20 U.S.C. § 1232g(b)(1). This is the only express remedy provided in the statute. FERPA neither explicitly provides for a private cause of action, nor does its legislative history indicate that its drafters intended one.

■ Naturally, we are alerted to the problem that Ms. Holt is employed by the school district, and is not a student and never has been a student of the subject school district. It is fundamental from a reading of FERPA that a "student" is a "person with respect to whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution." 20 U.S.C. § 1232g(a)(6); *see* 34 C.F.R. § 99.3. Further, FERPA's definition of an "education record" does not include those "persons who are employed by an educational agency or institution but who are not in attendance at such agency or institution, records made and maintained in the normal course of business which relate exclusively to such person in that person's capacity as an employee and are not available for use for any other purpose[.]" 20 U.S.C. § 1232g(a)(4)(B); *see* 34 C.F.R. § 99.3. It is evident that "education records" refer

only to those documents which "are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C. § 1232g(a)(4)(A); *see* 34 C.F.R. § 99.3.

It cannot be disputed that the statute was enacted to prevent an educational agency or institution from releasing the record of one of its own students. Excluded from FERPA's protections are records relating to an individual who is employed by an educational agency or institution. Because Ms. Holt has not attended any school within the Klein Independent School District, the agency which has been directed to release her transcript, she cannot be considered a "student" under the FERPA definition. Rather, Ms. Holt's capacity with the school district is that of an employee. Because she is an employee and not a student of the institution requested to disclose her transcript, she does not fall within that class of people for whose benefit FERPA was created. Ms. Holt is not a "student" and her college transcript is not an "education record" protected from disclosure pursuant to FERPA's provisions.

This determination eliminates the appellants' instruction to apply *Cort v. Ash* to determine whether a private cause of action exists under FERPA. For that matter, it is plain that the appellants could not pass the threshold requirement of *Cort v. Ash* that the party be a member of the class for whose especial benefit FERPA was created. 422 U.S. at 78, 95 S.Ct. at 2088. We do note, however, that courts which have considered the question have determined that no private cause of action, either explicitly or implicitly, was created or intended. *Fay v. South Colonie Cent. School Dist.*, 802 F.2d 21, 33 (2d Cir.1986); *Girardier v. Webster College*, 563 F.2d 1267, 1277 (8th Cir.1977); *Smith v. Duquesne Univ.*, 612 F.Supp. 72, 79–80 (W.D. Pa.1985) (applying *Cort v. Ash), aff'd*, 787 F.2d 583 (3d Cir.1986); *Price v. Young*, 580 F.Supp. 1, 2 (E.D.Ark.1983).

The appellants' alternative contention is that 42 U.S.C. § 1983 is available under these circumstances to prevent an injury to her federal statutory rights by the State of

Texas. The appellants cite to *Fay v. South Colonie,* where the Second Circuit considered a § 1983 action which sought relief for a violation of the right of access granted by FERPA. 802 F.2d at 33. The court determined that FERPA creates an interest that may be vindicated in a § 1983 action because Congress did not create so comprehensive a system of enforcing the statute as to demonstrate an intent to preclude a remedy under § 1983. *Id. Fay* is clearly distinguishable from the present appeal, however, because the action was brought by a father against the school district for denying him access to his children's records, and the school district conceded that it denied him access to those records. *Id.* Therefore, we need not rule whether FERPA, its legislative history or its regulations demonstrate a congressional intent to permit suits under § 1983 to remedy violations of FERPA. Additionally, because of our finding that Ms. Holt does not fall within the class for whose benefit FERPA was created, the statute does not bestow on her enforceable rights, privileges or immunities which can be enforced by 42 U.S.C. § 1983.

## B. *Balancing the Interests*

The district court found that Ms. Holt had a privacy interest in her college transcript. The Supreme Court has written that there are two different kinds of privacy interests. "One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Whalen v. Roe,* 429 U.S. 589, 598, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977); *see generally,* Seng, *The Constitution and Informational Privacy, or How So-Called Conservatives Countenance Governmental Intrusion into a Person's Private Affairs,* 18 J. Marshall L.Rev. 871 (1985).

■ Under the autonomy branch of privacy, constitutional protection has been limited to intimate personal relationships or activities, and freedoms to make fundamental choices involving oneself, one's family, and one's relationships with others. *See Paul v. Davis,* 424 U.S. 693, 713, 96 S.Ct.

1155, 1166, 47 L.Ed.2d 405 (1976). The appellants seek constitutional protection from an action quite dissimilar from that which has been held to be protected. Their claim is based not upon a challenge to the state's ability to restrict her freedom of action in a private matter, but rather on a claim that the state directed a college record to be released. Obviously, this is not a question concerning the autonomy branch of the right to privacy.

■ Regarding the interest in confidentiality, the Supreme Court has defined this branch as "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe,* 429 U.S. at 599, 97 S.Ct. at 876. There is some debate whether a student maintains a privacy interest in his educational records. In *Smith v. Duquesne Univ.,* the district court wrote: "FERPA's legislative history indicates that it is principally a right to privacy of educational records act. *See* 120 Cong.Rec. S39858 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell)." 612 F.Supp. at 80. The court concluded that a student has a privacy interest in his academic records. Without engaging in an inquiry into whether Ms. Holt has a recognizable privacy interest in her college transcript, we believe that, under the balancing test, even if she did have an interest it is significantly outweighed by the public's interest in evaluating the competence of its schoolteachers.

The district court relied on *Plante v. Gonzalez,* 575 F.2d 1119 (5th Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1047–48, 59 L.Ed.2d 90 (1979), in stating that Ms. Holt has a constitutional right to avoid disclosure of personal matters. The court then balanced Ms. Holt's privacy interest against the public's interest in knowing about her educational background. Although her file may contain "embarrassing or confidential information," the court noted, the public interest in learning whether those who teach young children are qualified clearly outweighs her limited right to disclosural privacy.

The appellants contend that the public's interest can be vindicated through less in-

trusive means than presented in this case. The appellants propose that since her teaching certificate represents the informed judgment of the Texas Board of Education that she is qualified to teach, disclosure of the certificate itself fully serves the public's interest in being assured that those who teach are qualified. Therefore, the certificate and not a college transcript suffices, and to require disclosure of the transcript operates to invade Ms. Holt's interest in maintaining the confidentiality of her academic career.

The public's interest in disclosure of a schoolteacher's transcript is set forth in section 1 of the Texas Open Records Act.

> Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the State of Texas that all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. To that end, the provisions of this Act shall be liberally construed with the view of carrying out the above declaration of public policy.

Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 1. The Open Records Act, however, does make provision for safeguarding the personal privacy of the individual. Section 3(a)(2) of the statute exempts from public disclosure "information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy[.]" Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 3(a)(2). We do not find that the disclosure of a schoolteacher's college transcript rises to the level of that information which constitutes an unwarranted in-

vasion of personal privacy, as provided in section 3(a)(2). Further, at oral argument the appellants acknowledged that disclosure of Ms. Holt's transcript is not exempted under this section. *See Hubert v. Harte-Hanks Texas Newspapers, Inc.,* 652 S.W.2d 546, 551 (Tex.App. 3d Dist.1983).

We agree with the district court in tipping the balance in favor of the right of the public to know the academic records of the schoolteachers of their children. The appellants' reasoning concerning the regulations imposed by the Texas Legislature and the screening procedures of the Texas Board of Education is unavailing. Recently, there has been grave concern in Texas about the quality of public education, notwithstanding the state's regulations. Many teachers who had been certified and were teaching in Texas classrooms could not pass a basic test of minimal competency. In light of this apparent lack of competency prevalent in the state, the public must have full and complete information concerning the teachers who serve the public in educating their children.

### III. Conclusion

Finding no merit in the appellants' claims and agreeing with the district court that the defendant was entitled to judgment as a matter of law, we AFFIRM the court's decision to grant summary judgment in this case.