935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eden H. ADATSI, Plaintiff-Appellant,
v.
Dr. Iqbal MATHUR, Dr. Thomas Gutteridge, Southern Illinois
University at Carbondale, et al., Defendants-Appellees.
 No. 90-2002.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided June 17, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Eden H. Adatsi appeals pro se from the judgment of the district court dismissing his complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We affirm.
 
 I.
 
 2
 Adatsi is Ghanian. During the Spring and Fall terms of 1980, he was a student at Southern Illinois University at Carbondale (SIU-C). During the Spring and Fall terms of 1981 and the Spring term of 1982, because Adatsi was unable to meet his financial obligations to SIU-C, he was not officially enrolled in classes. Nevertheless, SIU-C permitted Adatsi to attend the lectures for a number of courses including Finance 325. Because he was not registered for the class, Dr. Lewis E. Davids, the Finance 325 instructor, did not assign Adatsi a grade. In the fall of 1984, payment for these semesters was credited to Adatsi's account, and he sought to receive credit for these courses. Adatsi went to see Professor Davids who was unable to verify Adatsi's attendance in Finance 325. Adatsi became verbally abusive to Professor Davids who then refused to deal with him. Consequently, Dr. Iqbal Mathur, Chairman of the Department of Finance, stepped in and agreed to allow Adatsi to sit for a final examination in the course. Adatsi earned a grade of "B".
 
 
 3
 Adatsi later left SIU-C and attempted to register at Mercer University in Atlanta, Georgia; however, because of discrepancies in his financial records at SIU-C, he was not allowed to register. Adatsi claims that SIU-C refused to correct the records. Adatsi then filed a discrimination complaint with the United States Department of Education, Office of Civil Rights (OCR). He alleged that SIU-C, Dr. Mathur and Dr. Thomas Gutteridge, Dean of the College of Business and Administration, discriminated against him because of his race and national origin when they refused to change the grade of "B" for Finance 325 and to correct the alleged error in his financial records. The OCR found his allegations to be meritless. Adatsi also unsuccessfully grieved the matter through the SIU-C administrative grievance system.
 
 
 4
 Adatsi then filed this action in the district court on August 12, 1988.[1] He alleged that the actions of various officials at SIU-C were motivated by a racial animus and discrimination against him because he is Ghanian. Adatsi sought compensatory and injunctive relief. The district court dismissed the complaint on November 18, 1988, but granted Adatsi leave to amend the complaint. Adatsi appealed this order, and this court remanded the case since the appeal was not taken from a final order. See Adatsi v. Mathur, No. 89-1062, slip op. (7th Cir. Oct. 29, 1989). Adatsi then filed an amended complaint. Adatsi alleged that the defendants violated his rights under the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. Sec. 1232g; Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d; and 42 U.S.C. Sec. 1982. On April 4, 1990, the district court dismissed the complaint for failure to state a claim. Adatsi timely appeals.
 
 II.
 
 5
 We review a dismissal for failure to state a claim de novo. See Leahy v. Board of Trustees, 912 F.2d 917, 921 (7th Cir.1990). We accept as true all well-pleaded factual allegations and draw all reasonable inferences from these allegations. See id. "We will affirm the dismissal only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 A. Eleventh Amendment
 
 6
 Adatsi contends that the district court erred in holding that defendants SIU-C and the Board of Trustees were immune from suit by reason of the eleventh amendment. The district court relied on Cannon v. University of Health Servs., 710 F.2d 351, 356 (7th Cir.1983), in which this court noted that SIU is recognized as a state agency under Illinois law. The court also noted that the powers and duties of the Boards of Trustees of state universities are governed by Illinois law. See id. Consequently, the district court concluded that SIU-C and the Board of Trustees were immune from suit.
 
 
 7
 Adatsi argues that since Illinois Revised Statutes, ch. 144, paragraph 308a, Sec. 8a(2) provides that the Board of Higher Education has the power to insure itself against suit, any monetary award would not come from the state treasury and consequently the eleventh amendment is not a bar to suit. Adatsi cites Cannon in support of his argument, but Cannon rejected this very argument:
 
 
 8
 In this case, because the state universities are the alter ego of the State, any damage award chargeable to university assets is an award against the State itself. No authority supports Cannon's argument that this analysis is altered by the possibility that a damage award would be met through insurance proceeds or from federal funds.
 
 
 9
 Id. at 357. Adatsi has not cited any authority in support of his position except Cannon which itself rejected the same argument because that defendant did not cite any supporting authority. The district court correctly held that SIU-C and the Board of Trustees were immune from suit under the eleventh amendment.
 
 
 10
 B. Title VI of the Civil Rights Act of 1964--42 U.S.C. Sec.
 
 2000d
 
 11
 Adatsi next contends that the defendants violated his rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d, by refusing to correct his records. A private action under Title VI is available only against the recipient of federal financial assistance. The only defendant to receive such assistance is SIU-C. Of the relief Adatsi seeks, only injunctive relief directing the defendants to correct Adatsi's records is potentially available. The district court found that Adatsi was denied admission to Mercer University on October 13, 1986 and that the Title VI violations, if any, occurred in the fall of 1984. The district court concluded that SIU-C was immune from suit under the eleventh amendment. Adatsi contests this finding. He points to 42 U.S.C. Sec. 2000d-7(b) in which Congress abolished a state's sovereign immunity for violations of Title VI that occur in whole or in part after October 21, 1986. Adatsi argues that he was not denied admission to Mercer University until October of 1986. As the district court found, the rejection letter was dated October 13, 1986, and does not help Adatsi overcome SIU-C's sovereign immunity.
 
 
 12
 Adatsi also argues that because the Board could have acted to undue his damage after October 21, 1986, but did not, this constituted a violation of Title VI which occurred in part after October 21, 1986. Adatsi did not raise this argument in the district court in response to the defendants' motion to dismiss; consequently, it is waived on appeal. See Cange v. Stotler & Co., 913 F.2d 1204, 1211 (7th Cir.1990). Furthermore, the Board is not a recipient of federal financial assistance, and Adatsi provides no authority in support of this argument. Adatsi has failed to state a claim under Title VI.
 
 
 13
 C. Family Educational Rights and Privacy Act--20 U.S.C. Sec.
 
 1232g
 
 14
 Adatsi contends that the defendants violated the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. Sec. 1232g. Adatsi relies on section 1232g(a)(2) which provides, inter alia, that no federal funds will be made available to an educational institution that fails to provide for a hearing so that the contents of the student's educational records can be contested and corrected. The district court noted that FERPA does not create an express private cause of action, but found that Adatsi could maintain an implied cause of action under 42 U.S.C. Sec. 1983 for SIU-C's alleged violation of FERPA. See Tarka v. Franklin, 891 F.2d 102, 104 (5th Cir.1989); Klein Independent School Dist. v. Mattox, 830 F.2d 576, 579 (5th Cir.1987); Fay v. South Colonie Central School Dist., 802 F.2d 21, 33 (2d Cir.1986). The district court concluded that this claim against Drs. Mathur and Gutteridge was barred by qualified immunity since none of the facts in the amended complaint indicated that any of the individual defendants violated any clearly established law. The district court also noted that Adatsi was not challenging the accuracy of his records--he did in fact earn a "B" grade--rather, he was challenging the propriety of his grade of "B" which is beyond the scope of FERPA. As to the issue of the accuracy of his financial records, the district court found that there was no indication anywhere in the record that he had requested a hearing and concluded that the defendants did not violate any rights in this regard. Adatsi argues on appeal that the regulation at 34 C.F.R. Sec. 99.20(c) required the defendants to inform him of his right to a hearing and that the district court erred in concluding that he had to ask for a hearing.[2]
 
 
 15
 As for the "B" grade in Finance 325, Adatsi does not dispute that he in fact earned a "B" and that this is what his transcript reflects. Adatsi seems to feel that he deserved a grade other than "B" and that the defendants should have given him a hearing to contest the grade. FERPA addresses the situation where a student seeks to have misleading or inaccurate information in his records corrected. There is nothing inaccurate about Adatsi's grade. He just feels he deserves something else. This fails to state a claim under FERPA.
 
 
 16
 As for the alleged error in his financial records, the district court found that Adatsi had not requested a hearing. In his amended complaint, Adatsi alleges that he did request a hearing. He alleges that John C. Guyon, Vice-President for Academic Affairs and Research, acting in his official capacity, refused to take action to resolve the discrepancies in his financial records. Guyon, however, is not a defendant to this suit. The complaint fails to state a claim as to Guyon.
 
 
 17
 In another paragraph of his complaint, Adatsi alleges that SIU-C refused to correct his record. This fails to state a claim because SIU-C is not a "person" for purposes of section 1983. Furthermore, as discussed above, SIU-C, as an agency of the state is immune from suit.
 
 
 18
 Finally, Adatsi alleges that "[i]n addtion [sic] to financial records, Adatsi requested Mathur to remove a grade of B in Finance 325.... Mathur did not respond to Adatsi's request in violation of 20 USC 1232g et seq: 42 USC 1983; 34 CFR 100.3 et seq." It is not at all clear that the request to correct the financial records was made directly to Mathur. None of the documents Adatsi appended to the complaint reveal that Mathur had anything to do with the financial records. Even if we were to construe Adatsi's allegation regarding Mathur liberally, it fails to state a claim. Adatsi's complaint does not state any facts which show that Mathur violated clearly established law.[3] There is no indication that Mathur did not act in objective good faith; consequently, Mathur is protected in this instance by qualified immunity. Adatsi's complaint fails to state a claim against any of the defendants for a violation of FERPA.
 
 III.
 
 19
 For the foregoing reasons, the judgment of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court int his case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Adatsi initially filed this suit in the United States District Court for the Northern District of Georgia. The court dismissed the case for lack of personal jurisdiction over the defendants and for improper venue. The eleventh circuit affirmed this judgment in an unpublished order. See Adatsi v. Mathur, No. 87-8932, slip op. (11th Cir. June 30, 1988) (per curiam)
 
 
 [2]
 The district court also concluded that Adatsi's complaint failed to state a claim under the Equal Opportunity in Housing Act, 42 U.S.C. Sec. 1982. Adatsi does not challenge this portion of the judgment on appeal
 
 
 [3]
 The district court found that 30 C.F.R. Secs. 99.20-99.22 only required the defendants to give Adatsi a hearing upon request. Although Sec. 99.21 does oblige a student to request a hearing, Sec. 99.20(c) provides that after a student asks the institution to correct a record and the institution refuses, the institution is obliged to inform the student of his or her right to a hearing. It is at this point that the student must request the hearing