OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 22, 2001

Mr. Jim Nelson
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0333

Re: Whether section 323.019 of the Government Code authorizes the Texas Education Agency to release to the Texas Legislative Council student information that is confidential under federal law (RQ-0312-JC)

Dear Commissioner Nelson:

The Texas Education Agency ("TEA") possesses personally identifiable information from education records that is confidential under federal law, the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (1994 & Supp. IV 1998) ("FERPA"). FERPA allows release of such personally identifiable information without parental consent only under certain circumstances, including for example, to state and local education authorities for certain purposes. Section 323.019 of the Government Code provides that employees of the Texas Legislative Council are state school officials for purposes of FERPA. You ask whether that state statute authorizes the Texas Education Agency to release to the Texas Legislative Council personally identifiable information that is confidential under FERPA. We conclude that it does not.

Before turning to FERPA's provisions governing release of education records, we begin with a brief discussion of the Texas Legislative Council and section 323.019. Pursuant to chapter 323 of the Government Code, the Texas Legislative Council (the "Council"), an agency of the legislative branch of state government, consists of the Lieutenant Governor, the Speaker of the House of Representatives, the chairs of the Senate and House administration committees, four additional Senators, and nine additional members of the House. *See* TEX. GOV'T CODE ANN. § 323.001(a) (Vernon 1998). Among other duties, the Council is charged with studying and investigating the functions and problems of state agencies, conducting studies for the legislative branch, gathering and disseminating information for the legislature's use, and providing data-processing services to aid members and legislative committees in accomplishing their legislative duties. *See id.* § 323.006. Chapter 323 authorizes the Council to inspect and copy records in connection with hearings and to issue subpoenas to compel the production of records. *See id.* §§ 323.010, .011.

Section 323.019 of the Government Code, which was enacted in 1999,[1] provides that the Council may "gather and analyze information relating to public education and other public services

---

[1]*See* Act of May 18, 1999, 76th Leg., R.S., ch. 1585, § 2, 1999 Tex. Gen. Laws 5436.

for the purpose of conducting statistical and demographic research and producing reports." *Id.* § 323.019(a) (Vernon Supp. 2000). It requires state agencies to provide information to the Council "to the maximum extent permitted by state or federal law." *Id.* § 323.019(b). Subsection (c) of section 323.019 provides that the Council is entitled "to collect data from any state agency, including data that is confidential under state or federal law," *id.* § 323.019(c), "[i]n order to develop and evaluate legislative policy," *id.* Significantly, it also provides that "[f]or the limited purpose of collecting and matching data subject to 20 U.S.C. Section 1232g [FERPA] or other federal law governing education records, employees of the council are considered state school officials." *Id.*

FERPA protects "education records" maintained by "an educational agency or institution," a term that includes any public or private agency or institution that receives federal funding. *See* 20 U.S.C. § 1232g(a)(3) (1994). "Education records" is broadly defined in FERPA to include records, files, documents and other materials maintained by an educational agency or institution that contain information directly related to a student. *See id.* § 1232g(a)(4)(A). Student "directory information," information such as a student's name, address, telephone number, date of birth, and extracurricular activities, is subject to lesser protections. *See id.* § 1232g(a)(5)(A) (defining "directory information"); (B) (special provisions allowing release of directory information after notice). The term "student" includes any person for whom an educational agency or institution maintains education records or personally identifiable information, but does not include a person who has not been in attendance at such agency or institution. *See id.* § 1232g(a)(6).

FERPA provides that federal funding for education will not be made available to an educational agency or institution that has a policy or practice of releasing "education records (or personally identifiable information contained therein other than directory information . . . ) of students without the written consent of their parents to any individual, agency, or organization, other than" certain specified entities in certain limited circumstances. *Id.* § 1232g(b)(1); *see also Klein Indep. Sch. Dist. v. Mattox*, 830 F.2d 576, 579 (5th Cir. 1987). A number of FERPA's exceptions to the general rule prohibiting disclosure of student records without parental consent allow release of information to school officials. Section 1232g(b)(1) of FERPA permits the release of personally identifiable student information without parental consent to:

> (A) *other school officials*, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests, including the educational interests of the child for whom consent would otherwise be required;

> (B) officials of other schools or school systems in which the student seeks or intends to enroll, upon condition that the student's parents be notified of the transfer, receive a copy of the record if desired, and have an opportunity for a hearing to challenge the content of the record;

(C)   (i) authorized representatives of (I) the Comptroller General of the United States, (II) the Secretary [of Education], or (III) *State educational authorities*, under the conditions set forth in paragraph (3), or (ii) authorized representatives of the [United States] Attorney General for law enforcement purposes under the same conditions as apply to the Secretary under paragraph (3);

(D)   in connection with a student's application for, or receipt of, financial aid;

(E)   *State and local officials or authorities* to whom such information is specifically allowed to be reported or disclosed pursuant to State statute adopted–

(i)  before November 19, 1974, if the allowed reporting or disclosure concerns the juvenile justice system and such system's ability to effectively serve the student whose records are released, or

(ii) after November 19, 1974, if–

(I) the allowed reporting or disclosure concerns the juvenile justice system and such system's ability to effectively serve, prior to adjudication, the student whose records are released; and

(II) the officials and authorities to whom such information is disclosed certify in writing to the educational agency or institution that the information will not be disclosed to any other party except as provided under State law without the prior written consent of the parent of the student.

(F) organizations conducting studies for, or on behalf of, educational agencies or institutions for the purpose of developing, validating, or administering predictive tests, administering student aid programs, and improving instruction, if such studies are conducted in such a manner as will not permit the personal identification of students and their parents by persons other than representatives of such organizations and such information will be destroyed when no longer needed for the purpose for which it is conducted;

(G) accrediting organizations in order to carry out their accrediting functions;

(H)   parents of a dependent student of such parents, as defined in section 152 of Title 26;

(I)   subject to regulations of the Secretary, in connection with an emergency, appropriate persons if the knowledge of such information is necessary to protect the health or safety of the student or other persons; and

(J)   (i) the entity or persons designated in a Federal grand jury subpoena, in which case the court shall order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished to the grand jury in response to the subpoena; and

(ii) the entity or persons designated in any other subpoena issued for a law enforcement purpose, in which case the court or other issuing agency may order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena.

. . . .

20 U.S.C. § 1232g(b)(1)(A)-(J) (1994 & Supp. IV 1998) (emphasis added). In addition, release of student information is not prohibited if there is written consent or in compliance with a judicial order or subpoena, if the parents and students are notified of the order or subpoena in advance of the educational institution or agency's compliance. *See id.* § 1232g(b)(2)(B) (1994).

Before turning to your specific question, we briefly examine the legal status of the information at issue. You inform us that TEA has received personally identifiable student information from Texas school districts pursuant to section 42.006 of the Education Code.[2] *See* TEX. EDUC. CODE ANN. § 42.006 (Vernon 1996) (establishing Public Education Information Management System). TEA's general counsel informs us that school districts disclose personally identifiable student information to the TEA without parental consent pursuant to subsections

---

[2]*See* Letter from Jim Nelson, Commissioner of Education, to Honorable John Cornyn, Texas Attorney General at 3 n.5 (Jan. 7, 2000) [hereinafter Request Letter] attached to Letter from David A. Anderson, General Counsel, Texas Education Agency, to Honorable John Cornyn, Texas Attorney General (Nov. 14, 2000) (on file with Opinion Committee).

(b)(1)(C), (b)(3), and (b)(5) of FERPA,[3] provisions which, as we will discuss in greater detail below, allow state educational authorities access to records that may be necessary "in connection with the audit and evaluation of any federally or State supported education program," 20 U.S.C. § 1232g(b)(5) (1994); *see also* 34 C.F.R. § 99.35 (2000). The United States Department of Education rules implementing FERPA provide that an educational agency or institution may disclose information with the understanding that the party receiving the information may make further disclosures of the information, but only if the disclosures are authorized under FERPA. *See* 34 C.F.R. § 99.33(b) (2000). Thus, TEA's authority to re-disclose information it has received from school districts is also subject to FERPA's limitations on disclosure.

We further note that TEA is an educational agency or institution subject to FERPA's funding penalty for unauthorized release of information, *see* 20 U.S.C. § 1232g(b)(1) (1994), even though it does not directly enroll students. FERPA defines the term "educational agency or institution" to include any public or private agency or institution that receives federal funding under an applicable education program, without regard to whether it enrolls students. *See id.* § 1232g(a)(3). And, significantly, the Department of Education rules indicate that a state agency like TEA that receives federal education funding and has jurisdiction over public elementary and secondary educational institutions is an educational agency or institution subject to FERPA. *See* 34 C.F.R. § 99.1(a) (2000) (defining educational agency or institution to include "an educational agency or institution to which funds have been made available under any program administered by the Secretary [of Education], if– (1) The educational institution provides educational services or instruction, or both, to students; or (2) *The educational agency is authorized to direct and control public elementary or secondary, or postsecondary educational institutions.*") (emphasis added). We understand that TEA receives federal education funding.[4]

We now turn to your specific question. Again, section 323.019 of the Government Code provides that employees of the Texas Legislative Council are "considered state school officials" for purposes of FERPA. TEX. GOV'T CODE ANN. § 323.019(c) (Vernon Supp. 2000). Thus, we must consider whether section 323.019 authorizes the TEA to release personally identifiable student information to Texas Legislative Council employees under one of FERPA's exceptions to nondisclosure. In quoting subsection (b)(1)(A)-(J) of FERPA above, we have emphasized the exceptions to nondisclosure that allow release of information to school officials. In construing these provisions, we are aided by interpretive regulations promulgated by the United States Department of Education, 34 C.F.R. pt. 99 (2000). Furthermore, given that release of information in violation of FERPA could jeopardize TEA's federal funding, *see* 20 U.S.C. § 1232g(b)(1) (1994), we interpret the FERPA provisions authorizing release of information without parental consent narrowly. We conclude that none of these provisions authorizes the release of information to Texas Legislative Council employees, even though they are considered "state school officials" for purposes of Texas law.

---

[3]Telephone Conversation with David A. Anderson, General Counsel, Texas Education Agency (Dec. 21, 2000).

[4]*Id.*

Subsection (b)(1)(A) allows release of information to "other school officials, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests, including the educational interests of the child for whom consent would otherwise be required." *Id.* § 1232g(b)(1)(A). This provision appears to contemplate release of information to other school officials at the local level, *i.e.* within the student's school and school district, rather than to school officials at the state level. A Department of Education rule confirms this reading, permitting disclosure "to other school officials, including teachers, within the agency or institution whom the agency or institution has determined to have legitimate educational interests." 34 C.F.R. § 99.31(a)(1) (2000).

Subsection (b)(1)(C) allows the release of information to "[s]tate educational authorities, under the conditions set forth in paragraph (3)." 20 U.S.C. § 1232g(b)(1)(C) (Supp. IV 1998). Subpart (3) of subsection (b) permits the release of information to state education authorities to the extent "necessary in connection with the audit and evaluation of Federally-supported education programs, or in connection with the enforcement of the Federal legal requirements which relate to such programs." *Id.* § 1232g(b)(3) (1994). In addition, subpart (5) of subsection (b) provides that nothing in FERPA's prohibitions against disclosure "shall be construed to prohibit State and local educational officials from having access to student or other records which may be necessary in connection with the audit and evaluation of any federally or State supported education program." *Id.* § 1232g(b)(5). The Department of Education rule on disclosure to "state and local educational authorities" provides that such officials "may have access to education records in connection with an audit or evaluation of Federal or State supported education programs, or for the enforcement of or compliance with Federal legal requirements which relate to those programs." 34 C.F.R. § 99.35(a) (2000). Again, section 323.019 of the Government Code contemplates the use of information "to develop and evaluate legislative policy." TEX. GOV'T CODE ANN. § 323.019(c) (Vernon Supp. 2000). Subsection (b), subparts (3) and (5) of FERPA, and the federal rule, in permitting release of information for the "audit and evaluation of any federally or State supported education program," 20 U.S.C. § 1232g(b)(5) (1994), appear to contemplate the audit and evaluation of specific existing programs. Development and evaluation of state legislative policy generally is not a purpose for which the federal provisions permit the release of information.

Subsection (b)(1)(E) provides for the release of information to state and local officials or authorities to whom such information is specifically allowed to be reported or disclosed pursuant to state statute "if the allowed reporting or disclosure concerns the juvenile justice system and such system's ability to effectively serve the student whose records are released." *Id.* § 1232g(b)(1)(E). As section 323.019 of the Government Code provides for the use of information "to develop and evaluate legislative policy," TEX. GOV'T CODE ANN. § 323.019(c) (Vernon Supp. 2000), and does not specifically provide for the disclosure of the information with respect to juvenile justice matters, we do not believe that subsection (b)(1)(E) authorizes the TEA to release information to Texas Legislative Council employees.

In sum, we conclude that FERPA does not permit the TEA to release personally identifiable student information to employees of the Texas Legislative Council without consent despite the fact

that section 323.019 of the Government Code provides that such employees are "state school officials" for purposes of that federal law. We note, however, that in enacting FERPA, Congress delegated authority to enforce it to the United States Secretary of Education. The Department of Education rules in turn provide that the Secretary has designated the Family Policy Compliance Office of the United States Department of Education to provide technical assistance to ensure compliance with the Act. *See* 34 C.F.R. § 99.60(b)(2) (2000). The Family Policy Compliance Office issues advisory opinions to educational agencies and institutions regarding release of information under FERPA. TEA has requested the advice of that office on the question raised in this request.[5] Should the Family Policy Compliance Office advise the TEA that it may release personally identifiable student information to the Texas Legislative Council pursuant to section 323.019 of the Government Code or any other law, that advice would prevail over this opinion. We stress that this office must construe FERPA's exceptions to nondisclosure narrowly given the potential consequences of violating the Act for TEA's federal funding, *see* 20 U.S.C. § 1232g(b)(1) (1994). While TEA funding might be jeopardized if it relied on an opinion of this office that interpreted an exception to nondisclosure broadly, TEA would not have the same concerns in relying on the advice of the Family Policy Compliance Office, an office of the federal agency charged with enforcing FERPA.

---

[5]*See* Request Letter, *supra* note 2, at 2, 3 n.9.

## **S U M M A R Y**

The federal Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (1994 & Supp. IV 1998), does not permit the Texas Education Agency to release personally identifiable student information to employees of the Texas Legislative Council without consent despite the fact that section 323.019 of the Government Code provides that such employees are "state school officials" for purposes of that federal law.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee